**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 96-4132

PHILLIP R. GREEN,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Robert Earl Maxwell, Senior District Judge.
(CR-95-2)

Submitted: October 29, 1996

Decided: November 15, 1996

Before ERVIN, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas G. Dyer, DYER LAW OFFICES, Clarksburg, West Virginia,
for Appellant. William D. Wilmoth, United States Attorney, Lisa
Grimes Johnston, Assistant United States Attorney, Wheeling, West
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Phillip R. Green was indicted on three counts: (1) attempting to interfere with administration of internal revenue laws, violating 26 U.S.C. § 7212(a) (1994); (2) conspiracy to defraud the United States (specifically conspiring to defraud the United States by impeding the lawful functions of the Internal Revenue Service (IRS) in the collection of income taxes) in violation of 18 U.S.C.A.§ 371 (West Supp. 1996); and (3) concealing proceeds of unlawful activity violating 18 U.S.C.A. § 1956(a)(3)(B) (West Supp. 1996). Under a plea agreement, Green pled guilty to count two of the indictment, and counts one and three were dismissed.

The district court used Green's conduct as alleged in count one of the indictment to calculate a tax loss of $48,911. The district court determined that such conduct was relevant for sentencing purposes under the United States Sentencing Guidelines (USSG)§ 1B1.3 (Nov. 1995). The sole issue on appeal is whether the district court committed reversible error when it considered conduct alleged in count one of the indictment--for which Appellant was not convicted--as "relevant conduct" under USSG § 1B1.3. Green does not contest the calculation of the loss amount or the accuracy of the facts as alleged in count one.

We review a district court's application of the guidelines to the facts on a sliding scale: review of a primarily factual issue is governed by a clearly erroneous standard while a question of legal interpretation is closer to de novo. United States v. Stokley, 881 F.2d 114, 115-16 (4th Cir. 1989) (citing United States v. Daughtrey, 874 F.2d 213 (4th Cir. 1989)). A mixed question of law and fact is reviewed somewhere in between. Id.

The facts of the indictment are undisputed. Count two of the indictment reveals that Green, a bookkeeper, filed between 300 and 400 tax returns per year. In this capacity, Green specifically agreed to prepare monthly records and books for two persons--Timothy Foley and Louie J. Gerard--whom he knew were involved in a cocaine organization. His stated goal was to prevent the Internal Revenue Service

2

(IRS) from being able to track actual amounts of money attributable to Foley and Gerard's legitimate business concerns so that drug proceeds could be laundered through the businesses. Green gave advice on how to manipulate ledger accounts and gross receipts to prevent the IRS from being able to determine the actual amount of money attributable to the businesses and was present sometimes when cocaine was delivered. Green prepared a federal tax return for one of the businesses in which he falsely reported that he had received $200 for preparing the return, when he had in fact received cocaine for his services. These actions took place from June 1990 through the end of May 1992.

The undisputed facts of the first count of the indictment reveal that an agent, as part of an undercover operation, posed as a person who made $50,000 in 1989 and $70,000 to $80,000 in 1990 from the illegal sale of marijuana. Green advised the agent he could set up a sham corporation where the income would come back to the agent through the corporation after he paid "a little bit of taxes" (to create the illusion of legitimacy) and that Green could handle any problems that might arise from the IRS. Ultimately, Green prepared paperwork to set up the sham corporation and filed false federal and state income tax returns for the agent for years 1989 and 1990. These events took place from late October 1991 through late December 1991.

District courts may take "relevant conduct" into account in determining a defendant's sentence, whether or not the defendant has been convicted of the charges constituting the relevant conduct. USSG § 1B1.3; United States v. Jones, 31 F.3d 1304, 1316 (4th Cir. 1994). The government must establish the existence of these other incidents by a preponderance of the evidence. Jones, 31 F.3d at 1316 (citing United States v. Uwaeme, 975 F.2d 1016, 1018 (4th Cir. 1992)). Whether the government has successfully shouldered its burden of proof is a question of fact reviewed for clear error. Id. at 1316 (citing United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989)). In determining whether conduct is relevant under USSG§ 1B1.3(a)(2), a court looks to the nature of the defendant's acts, his role, and the number and frequency of those acts, as well as the similarity, regularity, and temporal proximity between the offense of conviction and the uncharged conduct. United States v. Mullins, 971 F.2d 1138, 1143-44 (4th Cir. 1992); see also USSG § 1B1.3, comment. (n.9(A)). For

3

offenses involving taxation, however, in determining the total tax loss attributable to the offense under USSG § 1B1.3(a)(2), "all conduct violating the tax laws should be considered as part of the same course of conduct or common scheme or plan unless the evidence demonstrates that the conduct is clearly unrelated." USSG § 2T1.1 comment. (n.2).

Because the facts as alleged in count one of the indictment are undisputed, the Government has met its burden of proving, by a preponderance of the evidence, that the incidents in count one occurred. See Jones, 31 F.3d at 1316 (citation omitted). Thus, it is uncontroverted in both counts of the indictment that: Green intentionally attempted to defraud the United States by misstating actual income; the United States was the intended victim; the individuals which Green assisted were involved in illegal drug trade (or purported to be in the case of the undercover agent); Green used his expertise as a bookkeeper and return filer to attempt to hinder and defraud the IRS from determining actual revenues, both to understate income and to launder it; and the crimes alleged in both counts overlapped in time. Accordingly, we find that regardless of the review standard applied, see Stokley, 881 F.2d at 116 (citation omitted), the district court properly determined that the conduct in count one of the indictment was relevant conduct for sentencing purposes under count two. USSG §§ 1B1.3(a)(2), 2T1.1 comment. (n.2); Mullins, 971 F.2d at 1143-44. We therefore affirm the sentence of the district court. We dispense with oral argument because the facts and legal materials are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

4